# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE ANDERSON,<br>                Plaintiff,<br><br>v.<br><br>BAYER CORPORATION, an Indiana corporation, BAYER HEALTHCARE LLC, a Delaware Limited Liability Corporation, AND BAYER HEALTHCARE PHARMACEUTICALS, INC., a Delaware Limited Liability Corporation,<br><br>                Defendants. | No.<br><br>COMPLAINT |

## I.    PARTIES

1. Michelle Anderson is an adult who has at all times pertinent hereto been a resident of King County, Washington.

2. Defendant Bayer Corporation is an Indiana Corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.

5. Defendant Bayer Healthcare LLC is a limited liability corporation organized under the laws of the state of Delaware with its headquarters and principal place of business at 555 White Plains Road, Tarrytown, New York 10591. Defendant Bayer Healthcare LLC is wholly owned by defendant Bayer Corporation.

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

6. Defendant Bayer Corporation is the sole member of Bayer Healthcare LLC. Defendant Bayer Healthcare LLC owns 100% of Schering Berlin, which owns 100% of Bayer Healthcare Pharmaceuticals, Inc. As such, defendant Bayer Corporation is a parent of Defendant Bayer Healthcare Pharmaceuticals, Inc.

7. Defendant Bayer Healthcare Pharmaceuticals, Inc. is a limited liability corporation organized under the laws of the state of Delaware with its headquarters and principal place of business at 340 Changebridge Road, P.O. Box 1000, Montville, New Jersey 07045-1000.

8. Defendant Bayer Healthcare Pharmaceuticals, Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc. and is the same corporate entity as Berlex, Inc. and Berlex Laboratories, Inc.

9. Defendant Bayer Healthcare Pharmaceuticals, Inc. is the holder of the approved New Drug Application ("NDA") for Yaz. Defendant Bayer Healthcare Pharmaceuticals, Inc. is also the holder of the approved New Drug Application ("NDA") for Yasmin.

10. Defendant Bayer Healthcare Pharmaceuticals, Inc. is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, and/or marketing, either directly or indirectly, its products, including the prescription drug Yaz/Yasmin. At all relevant times, Defendant Bayer Healthcare Pharmaceuticals, Inc. has conducted regular and sustained business in Washington State by selling and distributing its products in Washington and engaged in substantial commerce and business activity in Washington.

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

11. Defendant Bayer Healthcare Pharmaceuticals, Inc. is a corporate successor to Berlex Laboratories, Inc. ("Berlex"), which was formerly known as Berlex, Inc., and, as such, Defendant Bayer Healthcare Pharmaceuticals, Inc. is obligated for its predecessor's liabilities. Berlex was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling and/or selling, either directly or indirectly, the drug Yaz/Yasmin. Berlex Laboratories, Inc. and Berlex, Inc. were integrated into Bayer Healthcare AG and operate as an integrated specialty pharmaceuticals business under Bayer Healthcare Pharmaceuticals, Inc.

12. Defendants Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc. shall be referred to herein as "Bayer" or "Bayer Defendants."

13. At all relevant times, Bayer was engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, selling, marketing and/or introducing into interstate commerce, either directly or indirectly through third parties, its products, including the prescription drug Yaz/Yasmin.

## II. JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 (diversity of citizenship), because there is complete diversity between plaintiff and defendants and plaintiff claims an amount in controversy exceeding $75,000.00.

15. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2). At all relevant times Bayer conducted regular and sustained business in the Western District of Washington by selling and distributing its products in this District. Plaintiff was prescribed and ingested Yasmin in this District.

COMPLAINT - 3

## II. FACTS

16. Yaz and Yasmin are birth control pills manufactured, marketed and sold by the Bayer Defendants. They are combination oral contraceptives, or "COCs," meaning they contain an estrogen component and a progestin component. These steroidal components work together in COCs to suppress ovulation, fertilization, and implantation, and thus to prevent pregnancy.

17. The Food and Drug Administration ("FDA") approved Yaz and Yasmin for marketing in 2006 and 2001, respectively.

18. Yaz and Yasmin are different from other combined hormonal birth control pills in that they contain a progestin component known as drospirenone. Drospirenone is associated with significantly increased risk of clotting events compared with oral contraceptives that contain older formulations of progestin.

19. The Bayer Defendants marketed Yaz/Yasmin as providing the same efficacy as other birth control pills in preventing pregnancy but with additional benefits. In fact, however, they present additional health risks not associated with other birth control pills. The Bayer Defendants knew or should have known of these risks, but failed to disclose them.

20. In January 2006 plaintiff discussed with her physician, problems with Loestrin, she was using. birth control pill. At that time, her physician discussed with plaintiff an alternative birth control pill (20 mg Yasmin) that was due out shortly. In February 2006, plaintiff switched from Loestrin to Yasmin. Plaintiff was 34 years old. In October 2006, ~~a few months after taking Yasmin,~~ she experienced epigastric pain. In February 2007, after several episodes of epigastric and right quadrant abdominal pain, she presented to the Emergency Department at Swedish Medical Center where she underwent ERCP, sphincterotomy and lab tests. Plaintiff

COMPLAINT - 4

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

was diagnosed with gallstone pancreatitis. On March 2, 2007, Plaintiff had surgery to remove the gallstones. Plaintiff did not know the connection between her ingestion of Yasmin and gallstone pancreatitis until 2010.

## III. LIABILITY AND CAUSATION

21. Plaintiff claims liability against the Bayer Defendants based upon the theories of product liability (RCW 7.72 et seq.); willful or wanton misconduct; breach of warranty (Title 62A RCW); concert of action; negligent and/or fraudulent misrepresentation as to product safety; and the tort of outrage. The liability-creating conduct of the Bayer Defendants consisted, *inter alia*, of negligent and unsafe design of Yaz and Yasmin; failure to test, monitor and recall the drugs; failure to timely warn of risks associated with use of the drugs; negligently and/or fraudulently misrepresenting the drugs to be safe; marketing drugs that were not reasonably safe; marketing defective drugs; marketing drugs not reasonably safe as designed; marketing drugs not reasonably safe for lack of adequate warnings; marketing drugs with misrepresentations as to safety; breach of express and/or implied warranties; suppressing information regarding risks associated with Yaz and Yasmin; and/or acting in concert with other entities to develop and market a defective product.

## IV. DAMAGES

22. As a direct and proximate result of defendants' acts and omissions, as described above, plaintiff is entitled to be compensated for the following damages:

Medical expenses past and future, disability, pain and suffering, both physical and emotional, lost earnings, and interference with normal life.

All of the above damages are in an amount which will be proved at trial.

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages as set forth above, for interest from the date of injury, for costs and disbursements and attorney's fees incurred in bringing this action, and for such other relief as the Court deems just and reasonable.

DATED this 18 day of May, 2010.

CORRIE YACKULIC LAW OFFICE, PLLC

_____
CORRIE J. YACKULIC, WSBA#16063
Counsel for Plaintiff

CORRIE YACKULIC LAW FIRM, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725